**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

RAMY THABET ABDELMALAK GIRGIS — CIVIL ACTION NO. 26-3942

VERSUS — JUDGE S. MAURICE HICKS, JR.

RICHWOOD CORRECTIONAL CENTER, ET AL. — MAGISTRATE JUDGE PEREZ-MONTEZ

**MEMORANDUM ORDER**

Before the Court is Ramy Thabet Abdelmalak Girgis's ("Petitioner") Motion for a Temporary Restraining Order and Preliminary Injunction. See Record Document 6. The motion seeks emergency injunctive relief. See id.

Petitioner is a native and citizen of Egypt and a Coptic Orthodox Christian. See Record Document 1. Petitioner suffered severe religious persecution while in Egypt. See id. As a result, Petitioner fled and entered the United States on or about November 15, 2024. See id. Once in the United States, an asylum officer of U.S. Citizenship and Immigration Services determined that Petitioner had established a credible fear of persecution or torture. See id. The officer further found a significant possibility that Petitioner would qualify for asylum. See id.

Following the positive credible fear determination, DHS released Petitioner from custody in or about December 2024, subject to reporting requirements. See id. On September 25, 2026, Petitioner appeared, as directed, for a regularly scheduled check-in at the ICE office in Nashville, Tennessee. See id. ICE took Petitioner into custody during the scheduled check-in that occurred on September 25, 2026. See id. Petitioner was later

transferred to the Richwood Correctional Center, in Richwood, Louisiana, where he remains detained. See id.

Petitioner has a pending application for Habeas Corpus. See id. Petitioner's application for Habeas Corpus seeks "release, or at a minimum, a prompt individualized hearing before a neutral decision maker at which the government must justify his continued confinement." Record Document 1. Petitioner alleges that his claims arise from "Respondents' revocation, without any process, of a release decision that DHS itself made." Id.

In his Motion for a Temporary Restraining Order, Petitioner asks the Court to enjoin Respondents from transferring Petitioner outside the territorial jurisdiction of this Court pending resolution of his petition for Writ of Habeas Corpus. See Record Document 6. Petitioner also asks the Court to enjoin Respondents from removing him from the United States. See id.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46

F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

To the extent Petitioner's request seeks to enjoin transfer to any other district pending adjudication of his Habeas Petiton, the Court notes that, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition. As a result, Petitioner's request that the Court restrain Respondents from transferring him outside the territorial jurisdiction of this Court, pending resolution of his petition for Writ of Habeas Corpus, is **DENIED**.

Lastly, Petitioner seeks to enjoin his removal, pending resolution of his petition for Habeas Corpus. See Record Document 6. A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order)). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., (citing Humphries v.

Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted)). Here, this request is premature because it is evident from the record that a final removal order has not been entered. Moreover, this Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of his Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that the district court was without jurisdiction to grant a stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (Record Document 6) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE